No. ——

First Circuit

---

WORTHY v. BAILEY

---

(December 6, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Landlord and Tenant —Par. 83, 88.**

Rent, paid in settlement of suit, but not in error or under duress, cannot be recovered in suit for diminution of rent on account of alleged failure of landlord to build cabin.

2. **Louisiana Digest — Damages — Par. 1; Offenses and Quasi Offenses—Par. 1.**

Damages cannot be recovered for loss of labor in making crop where loss of labor was not due to defendant's fault.

Appeal from the District Court, Parish of East Baton Rouge. Hon. Wm. Carruth Jones, Judge.

Action by Thomas B. Worthy against Mrs. Fannie Conrad Bailey.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Cross & Moyse, of Baton Rouge, attorneys for plaintiff, appellant.

Jos. A. Loret, of Baton Rouge, attorney for defendant, appellee.

ELLIOTT, J. Thomas B. Worthy claims against Mrs. Fannie C. Bailey damages to the extent of $600.00, but an item of $53.00 for labor performed in building a wire fence and covering a barn, included in the amount, was settled amicably before the trial, and was in that way eliminated from the case.

Another item of $55.86 for attorney's fees, included in the amount, was also eliminated before the trial in the lower court, by an exception of res adjudicata, and is not now urged in the case.

It is claimed by plaintiff on this appeal that he rented from defendant 100 acres of a plantation with two cabins thereon, with the promise that defendant would also build thereon a new cabin.

The alleged price of the lease was $600.00 per annum.

Petitioner urges that the delivery was short 20 acres, and that defendant failed to build a new cabin as promised. That the land was leased at the rate of $6.00 per acre. That plaintiff is therefore entitled to a diminution of the rent to the extent of $120.00.

The evidence shows that plaintiff had paid the full rent stipulated for in his contract with defendant previous to the institution of this suit. It was done under protest, but in settlement of a suit against him by defendant on account of the rent in question.

The petition does not allege that the rent was paid in error nor under duress; the evidence shows that it was not paid in error or under duress; but intentionally, in settlement of a suit for the purpose of recovering it. This item was properly rejected by the lower court.

Another and more important claim is one for damages, on the ground that defendant interfered with John Wilson, plaintiff's tenant, to whom he had leased twenty acres of land with a cabin thereon, which the plaintiff had leased from defendant, and caused him to move off the premises and take up his residence in another cabin situated on her plantation about a mile distant from the one he was occupying at the time, under his sub-lease from the plaintiff.

Plaintiff testified that this tenant agreed, as an undertaking in his contract of lease, to work by day labor for plaintiff some of the other land which the plaintiff had leased from defendant.

That due to defendant's interference with his tenant, in the way stated, he was unable to get this tenant's labor and help in gathering his crop, and as a result lost the greater part of it. That he was, for the same reason, unable to make and market a fall vegetable crop, and thereby sustained a loss on that account.

Mrs. Bailey asked the negro tenant to move into another cabin, distant about a mile from the one which he was occupying at the time under sublease from the plaintiff. She should not have done this, for the purpose explained by her, and would be liable in damages if plaintiff had been able to show that he had sustained damages as a result of his loss of labor; but it does not appear from the evidence that plaintiff lost his tenant's

labor on that account.  The plaintiff himself testifies that John Wilson did not help him when called on, because he was engaged in gathering his own crop.

The evidence does not indicate that his tenant was under obligation to neglect his own crop in order to labor in that of the plaintiff.  John Wilson, testifying on the subject himself, says that he could not help the plaintiff because he was engaged at the time in gathering his own crop. such being the case, there is nothing to show that even if John Wilson had not moved, the result would have been different.

Plaintiff cites Dixon vs. Dixon, 33 La. Ann. 1261, as a controling authority, but we find that the case in question does not govern the facts of the present case.

The judgment rejecting plaintiff's demand appears to be correct.

Judgment affirmed.  Plaintiff and appellant to pay the cost in both courts.